LEVI G. HOLLOWAY, plaintiff in error, *vs.* FRANCES CHILES, administratrix, defendant in error.

Section 3210 of the Revised Code, providing for the attachment of an administrator or executor, who is actually removing or about to remove, the property of the deceased out of any county, does not authorize an attachment, on the ground that the executor or administrator is himself actually removing. The affidavit must allege that he is actually removing the property, or about to remove it.

Attachment. Motion to set aside judgment. By Judge CLARK. Mitchell Superior Court. May Term, 1869.

Holloway sued out an attachment against Frances Chiles, founded upon an affidavit stating only "that Frances Chiles, administratrix, late of said county, is indebted to Levy G. Holloway in the sum of $947 00, besides interest, and that said Frances Chiles is removing without the limits of said county," and had it levied upon a lot of land in said county. Holloway's petition against her, as administrator of James M. Chiles, was filed. Judgment was entered up accordingly.

Her attorney moved to set aside said judgment, because said affidavit presented no ground for attachment, and because said land did not belong to the estate of her intestate. Holloway's attorney resisted this upon the grounds that this motion came too late, because the judgment, if defective, was

only voidable, and could not be collaterally attacked. The Court sustained the motion to set aside the judgment. This is brought up for review.

STROZIER & SMITH, by R. H. CLARK, for plaintiff in error.

HINES & HOBBS, VASON & DAVIS, for defendant in error.

McCAY, J.

Section 3210 of the Code is as follows, with the punctuation precisely as it is found in the Act: "Process of attachment may issue against an administrator on an estate, or the executor of the last will and testament of a deceased person, as in other cases, when such administrator or executor is actually removing, or about to remove the property of said deceased person without the limits of any county of this State." The sole question made in this case is, whether an attachment will lie, under this section, on the ground that the executor or administrator is himself actually removing. The Court below held a proper construction of the statute to require that to authorize the attachment, the executor or administrator must be actually removing the property, or be about to remove it. We think the Court was right. Such is, in our judgment, the fair and natural reading of the section. It is true the word "remove" is sometimes a transitive verb, and sometimes an intransitive one, but it would be very strange if a legislative body should, in a sentence of ten words, use it in each of its meanings without any indication that it was so doing.

Stress was laid in the argument on the fact that there was a comma after "removing," but this is rather favorable to the view taken by the Court than against it, if it be also noticed that there is no comma before the words "out of any county," since, if the sentence is to be read as if "out of the county" was to be understood after the words "actually removing," the laws of punctuation would require these words, "out of the county," to be separated from those preceding them by a comma. We do not, however, put much

Holloway *vs.* Chiles.

reliance on that construction, which depends entirely on the grammatical dissection of the section.

The evil sought to be remedied was clearly the removal of the property ; as against the executor or administrator himself the creditor has no claim; it is only because he has the property in his possession and control, that he is liable to any kind of process, and if he leaves *that* within the reach of the creditor, *he* is in no danger.

It would be very hard upon an executor or administrator, if he could not remove, as other people may, from one county to another without subjecting the estate he represents to attachment. It is of very doubtful policy to allow such a writ even when the property is being removed " out of the county " simply, and we are not disposed to give this very harsh provision any broader construction than its language requires. At the best it is doubtful. The construction of the Court below is as good as the one claimed by the plaintiff in error, and it has this advantage, that it uses the word remove in its transitive sense in each of the uses made of it in this statute, while the other construction requires that the word shall be used, first intransitively, and then transitively, in the same sentence, with nothing either in the language or in the nature of the case to indicate the change. The fact, too, that the word " actually" is used before " removing" shows that it was intended afterwards to qualify this *very word* by the words " about to."

We may also remark, that unless these words, " actually removing," be held to refer to the property, this section, while it gives a remedy when the property is "about to be removed," gives none when it is actually being removed.

Judgment affirmed.